1  BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
2  Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
3  Santa Ana, CA  92705-4067
Telephone:    949.863.3363
4  Facsimile:    949.863.3350

5  Attorneys for Creditor
TROJAN CAPITAL INVESTMENTS, LLC
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10              SANTA ANA DIVISION

11

12  In re                                Case No.  8:18-bk-12127-TA

13  ROSE M MAGANA,                       Chapter Number:  13

14         Debtor,                       **SECURED CREDITOR TROJAN
                                         CAPITAL INVESTMENTS, LLC'S
15                                       MOTION TO RECONSIDER RE ORDER
                                         GRANTING DEBTOR'S MOTION FOR
16                                       ORDER IMPOSING A STAY**

17                                       **DATE:    September 26, 2018
                                         TIME:    3:00 p.m.
18                                       CTRM:  5B**

19

20

21         TROJAN CAPITAL INVESTMENTS, LLC ("Trojan") hereby moves (the "Motion") for

22  reconsideration of the Order Granting the Debtor's Motion for Order Imposing Stay (the "Order")

23  which the Court entered on August 1, 2018 [Docket No. 34] in the above-referenced matter.  This

24  Motion is based on the authorities cited herein and on such additional submissions and argument

25  as may be presented at or before the hearing.  In support of its Motion, Trojan respectfully states

26  as follows:

27  **I.      INTRODUCTION**

28         On July 17, 2018, this Court granted the Debtor's *Notice of Motion and Motion in*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001                                      - 1 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    *Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems*

2    *Appropriate* [Docket No. 4] (the "Stay Motion").  In support of the Stay Motion, the Debtor

3    testified that she no longer had to pay private school tuition for her son in the amount of $1,037,

4    and that her husband now had a second job as an Uber driver.  At the July 24, 2018 Section 341(a)

5    meeting of creditors in this case, the Debtor also testified that she would file amended schedules

6    showing the decrease in her expenses detailed in the Stay Motion.

7    Despite her testimony, the Debtor has failed to file amended schedules or an amended

8    plan that increases the plan payment to her creditors.  The Debtor thus testified to the presence of

9    a "substantial change" in her finances to convince the Court to grant her Stay Motion, but she has

10    gamed the system to prevent any actual change in her plan payments.  Accordingly, the Debtor

11    gained the benefit of the relief requested in the Stay Motion under false pretenses.  Because the

12    Debtor has filed another bankruptcy case without the "substantial change" required by the case

13    law to justify the continuation of the automatic stay, the Court should reconsider its Order

14    granting the Stay Motion.

15    **II.      STATEMENT OF FACTS**

16    1.      Trojan's claim is evidenced by a Note executed by Borrowers Jose Oscar Magana

17    and Rose Magana and dated March 1, 2005, in the original principal sum of $35,000.00 (the

18    "Note").  A copy of the Note is attached Trojan's Proof of Claim filed on July 23, 2018 [Claim

19    No. 4-1].

20    2.      The Note is secured by a second deed of trust (the "Deed of Trust") encumbering

21    the real property commonly known as 1061 Monterrey St., La Habra, CA  90631-2566 (the

22    "Property").  A copy of the Deed of Trust is attached to Trojan's Proof of Claim filed on July 23,

23    2018 [Claim No. 4-1].

24    3.      Subsequently, the Note was assigned to Trojan.  Trojan, directly or through an

25    agent, is in possession of the original Note.  A copy of the Assignments is attached to Trojan's

26    Proof of Claim filed on July 23, 2018 [Claim No. 4-1].

27    ///

28    ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001
- 2 -
MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    4.    On or about September 22, 2009, the Debtor filed a Chapter 13 bankruptcy case

2    and was assigned Case No. 8:09-bk-19690-TA.  The Case was dismissed on February 24, 2011,

3    for failure to make plan payments.

4    5.    On or about August 4, 2011, the Debtor filed a Chapter 13 bankruptcy case and

5    was assigned Case No. 8:11-bk-20958-TA.  The Case was dismissed on September 11, 2013, for

6    failure to make plan payments.

7    6.    On or about July 3, 2017, Debtor Rose M Magana (the "Debtor") filed another

8    Chapter 13 Bankruptcy filing and was assigned Case No. 8:17-bk-12667-TA (the "2017 Case").

9    The Court dismissed this bankruptcy case on March 22, 2018 for failure to make plan payments.

10    7.    On June 12, 2018, less than 3 months after the dismissal of the Debtor's previous

11    bankruptcy case, the Debtor refiled again, with the instant case.  This is the Debtor's fourth

12    Chapter 13 bankruptcy filing.

13    8.    On July 12, 2018, the Debtor filed her *Supplemental Declaration in Support of*

14    *Motion to Continue the Automatic Stay* [Docket No. 23] (the "Imposition Declaration"), which

15    claimed there has been a change in her financial circumstances.  The Debtor's basis for the

16    claimed change was that 1) her spouse had recently been approved to be an Uber driver, and 2)

17    "the private school tuition for my son of $1,037.00 ended in May 2018."  Imposition Declaration,

18    ¶ 17.

19    9.    On the basis of the Debtor's claimed change in financial circumstances, the Court

20    granted the Stay Motion on July 17, 2018 [Docket No. 28].

21    10.    At the July 24, 2018 Section 341(a) Meeting of Creditors in this case, however, the

22    Debtor testified that her husband had earned no income whatsoever in his new second position of

23    employment since the commencement of the case.  Furthermore, the Debtor testified that she

24    would be filing amended schedules showing the decreased expenses she testified to in her

25    Imposition Declaration.  *See* concurrently filed *Declaration of Rafael R. Garcia-Salgado in*

26    *Support of Secured Creditor Trojan Capital Investments, LLC's Motion for Reconsideration re*

27    *Order Granting Debtor's Motion for Order Imposing a Stay.*

28    ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 3 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1      11.     The Debtor never filed the amended schedules she had testified she would file.

2      12.     In the 2017 Case, the Debtor filed a Schedule J showing $720 in monthly

3  expenditures for "childcare and children's education costs." *See* **Exhibit 1**.  She also scheduled

4  $800 for "Transportation." *Id.*

5      13.     In the instant case, the Debtor's Schedule J showed the same expenditures: $720 in

6  monthly expenditures for "childcare and children's education costs," as well as $800 for

7  "Transportation."  *See* **Exhibit 2**.

8      14.     The Debtor's schedules and corresponding amended plan [Docket No. 33]

9  therefore do not show the $1,037 in decreased monthly expenditures the Debtor testified to in her

10  Imposition Declaration.

11  **III.    APPLICABLE LEGAL STANDARDS**

12      15.     "A motion for reconsideration filed within the time parameters of Rule 59 of the

13  Federal Rules of Civil Procedure may be deemed a motion for new trial, a motion to alter or

14  amend an order, and/or a motion for relief from an order pursuant to Rule 60 of the Federal Rules

15  of Civil Procedure.  Bankruptcy Rule 9023 incorporates Rule 59, and permits a motion for new

16  trial or a motion to alter or amend an order to be filed within fourteen days of the entry of the

17  order subject to the motion." *In re Bishop*, 463 B.R. 142 (10th Cir. BAP 2010).

18      16.     A motion for reconsideration is properly granted where there exists newly

19  discovered evidence or errors of law or fact. *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999);

20  *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993); *In re Hill*,

21  364 B.R. 826, 831 (Bankr. M.D. Fla. 2007); *see also Liberty Mut. Ins. Co. v. N.Y. (In re Citron)*,

22  433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010) ("motions for reconsideration are not granted unless 'the

23  moving party can point to controlling decisions or data that the court overlooked'—matters, in

24  other words, that might reasonably be expected to alter the conclusion reached by the court")

25  (quoting *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp.,*

26  *Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

27      17.     Section "362(c)(3)(A) limits the duration of the automatic stay for debtors who

28  had a pending case dismissed within the 1–year preceding the most recent bankruptcy case." *In*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 4 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    *re Castaneda*, 342 B.R. 90, 93 (Bankr. S.D. Cal. 2006).  Further, section 362(c)(3)(C)(i)(III)

2    "provides a case is presumptively filed in bad faith if there has not been a substantial change in

3    the debtor's financial or personal affairs since dismissal of the prior case." *Id.* at 94.  "If the

4    statutory presumption applies, then a debtor must prove good faith by clear and convincing

5    evidence." *In re Ortiz*, 355 B.R. 587, 590 (Bankr. S.D. Tex. 2006).

6         18.    In the context of a motion to extend or impose the stay under Section 362(c)(4),

7    among other factors, for a debtor "to establish his or her good faith, a debtor must show that he or

8    she . . . is pursuing such protection and relief honestly." *In re Sarafoglou,* 345 B.R. 19 (Bankr. D.

9    Mass. 2006); *In re DiGiovanni*, 415 B.R. 120, 129 (Bankr. E.D. Pa. 2009).  All told, "the proper

10   analysis under § 362(c)(4)(B) is to determine by the requisite standard of proof whether the

11   debtor has established that the case was filed in 'good faith." *In re Ferguson*, 376 B.R. 109, 120

12   (Bankr. E.D. Pa. 2007), *as amended* (Oct. 25, 2007).  In answering the question of whether to

13   grant a motion to impose or extend the stay, "the types of factors to be considered make it clear

14   that two issues are very significant for purposes of determining good faith under § 362(c)(3): 1)

15   why the previous plan failed, and 2) what has changed so that the present plan is likely to

16   succeed." *In re Elliott-Cook*, 357 B.R. 811, 815 (Bankr. N.D. Cal. 2006).

17   **IV.    ARGUMENT**

18        **A.    The Debtor's Husband's New Employment Does Not Prove Good Faith**

19        19.    In our case, the Debtor testified that she had a "change of circumstances since my

20   prior case was filed" because her "husband has just been approved to be an Uber driver."

21   Imposition Declaration at ¶ 17.  The Debtor testified to this effect because section

22   362(c)(3)(C)(i)(III) "provides a case is presumptively filed in bad faith if there has not been a

23   substantial change in the debtor's financial or personal affairs since dismissal of the prior case."

24   *In re Castaneda*, 342 B.R. at 94.  "When the presumption arises, it is as though evidence has

25   already been presented establishing that the case was not filed in good faith." *In re Montoya*, 333

26   B.R. 449, 457 (Bankr. D. Utah 2005).

27        20.    To defeat the bad-faith presumption, "probably the most important indicia of good

28   faith is a realistic prospect of success in the second case, contrary to the failure of the first case."

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 5 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    *In re Jackola*, No. 11-01278, 2011 WL 2518930, at \*3 (Bankr. D. Haw. June 22, 2011) (citing *In*

2    *re Elliott–Cook,* 357 B.R. at 815–16.  Making this showing requires "clear and convincing

3    evidence. This evidence standard is stricter than the preponderance of the evidence standard. It is

4    defined as that degree or measure of proof which will produce in the mind of the trier of fact, a

5    firm belief or conviction that the allegations sought to be established are true; it is 'evidence so

6    clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction,

7    without hesitancy, of the truth of the precise facts of the case.'" *In re Castaneda*, 342 B.R. at 96

8    (collecting cases).

9        21.    "Thus, examination of good faith which was formerly in issue only at

10    confirmation, is now advanced to the inception of the case in order to obtain imposition of the

11    stay under Section 362(c)(4). Since a debtor is presumed, because of the previous filings, not to

12    have filed in good faith, the stay cannot be imposed if the debtor fails to separately establish all

13    three elements by clear and convincing evidence: (1) the new BAPCPA "substantial change"

14    element; (2) the feasibility element; and (3) the "confirmability" element which follows pre-

15    BAPCPA precedent. **In other words, proof of 'substantial change' is not merely another**

16    **factor in the 'totality of circumstances' analysis but a new, independent objective threshold**

17    **test for imposition of the stay.**" *In re Thornes*, 386 B.R. 903, 909 (Bankr. S.D. Ga. 2007)

18    (emphasis added).   If the Debtor fails to "prove that there has been substantial change in

19    circumstances by clear and convincing evidence, it is not necessary to examine Debtor's

20    motivation, sincerity and subjective good faith . . . The presumption imposed by Section

21    362(c)(4)(D) on Debtor has not been overcome." *Id.* at 911.

22        22.    In this case, the Court granted the Stay Motion in part because of the Debtor's

23    husband's new "job" driving for Uber.  However, the Debtor testified at her Section 341 meeting

24    that her husband had earned *nothing* from his new job in the preceding month.  *See Garcia-*

25    *Salgado Declaration,* ¶ 5.  This testimony nullifies any showing of a "substantial change" in the

26    Debtor's financial circumstances that would have justified the granting of the automatic stay in

27    this subsequent case.

28    ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 6 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    23.    In *In re Benefield*, 438 B.R. 709, 718 (Bankr. D.N.M. 2010), the male debtor in the

2    case testified that he was newly certified "to sell solar panels . . . to install solar panels, and that

3    he was pursuing those opportunities." The debtor "projected $60,000 per year income" from his

4    new second job selling solar panels. *Id.* However, because "he testified he had not made any

5    money as of the April hearing" on the motion to extend or impose the stay, the Court ruled that

6    the debtor's "solar panel training and qualification cannot be considered as a qualifying change in

7    circumstances." *Id.*

8    24.    Similarly here, the Debtor testified that her husband's new job would produce

9    earnings to pay towards the Debtor's Chapter 13 plan. However, as of the day of the hearing on

10    the Stay Motion, as well as subsequently at the Section 341 meeting, the Debtor's family had in

11    fact earned no additional income at all from the second employment. Accordingly, the Debtor's

12    evidence of a new job "is too speculative to rebut the presumption of bad faith." *In re Benefield*,

13    438 B.R. at 718.

14    25.    The case law is clear that "proof of 'substantial change' is not merely another

15    factor in the 'totality of circumstances' analysis but a new, independent objective threshold test

16    for imposition of the stay." *In re Thornes*, 386 B.R. at 909. Without actual earnings from the

17    new possible source of employment, the Debtor's testimony was not evidence "clear and

18    convincing" enough to overcome the statutory presumption of bad faith from the filing of this

19    latest case. The Debtor had testified in support of the Stay Motion that her husband had earned "a

20    few hundred dollars driving on a recent weekend" for his new job in the days before the hearing."

21    Imposition Declaration, ¶ 17. However, her later testimony at the Section 341 hearing (where the

22    trustee would be eager to hear of new sources of income) negated that testimony entirely. No

23    earnings means by necessity that the Debtor has not undergone a "substantial change."

24    Accordingly, the Court should reconsider its decision on the Stay Motion and deny it.

25
26    **B.    The Debtor's Withdrawal of Her Son From Private School Does Not Prove
            Good Faith**

27    26.    To establish a substantial change in her financial circumstances, the Debtor also

28    testified in support of the Stay Motion that "the private school tuition for my son of $1,037.00

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 7 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1  ended in May 2018." Imposition Declaration, ¶ 17.  The implication from this testimony would

2  be that the $1,037 less in monthly expenses would enable the Debtor to repay creditors and

3  complete a Chapter 13 plan this time around, unlike her previous bankruptcies.

4          27.    At her Section 341 meeting, the Debtor then testified that she would amend her

5  schedules to zero out the $720 she had scheduled for "childcare and children's education costs" in

6  both the current case and in her 2017 Case.  *See* Garcia-Salgado Decl. ¶ 9; *see also* **Exhibit 1** and

7  **Exhibit 2**.  She also stated that she would lower her expenses for "Transportation" to $600 from

8  $800, on account of the savings from no longer having to transport her son.  *Id.*

9          28.    Despite her testimony at the Section 341 meeting, the Debtor later filed her 1st

10  Amended Chapter 13 Plan on July 31, 2018, without increasing her disposable income and

11  corresponding plan payment [Docket No. 33].  Furthermore, the Debtor has failed to file amended

12  schedules showing any increase in her disposable income per the attested-to decrease in her

13  monthly expenses.

14         29.    Section 362(c)(4)(D) provides that "a case is presumptively filed not in good faith

15  . . . (i) as to all creditors if— . . . (III) there has not been a substantial change in the financial or

16  personal affairs of the debtor since the dismissal of the next most previous case under this title."

17  Thus, in order to justify the extension of the automatic stay, the Debtor was required to

18  demonstrate a "substantial change" in her finances since the dismissal of the 2017 Case.

19         30.    At the hearing on the Stay Motion, the Debtor testified in open court that she

20  would be saving $1,037 a month from her son no longer attending private school.  On chiefly this

21  basis, the Court granted the Stay Motion.  However, the Debtor has failed to honor her testimony

22  at her Section 341 meeting that she would amend her schedules to reflect the increase in

23  disposable income to which she had testified.  Without an increased plan payment in this case as

24  compared to the 2017 Case, the Debtor is unable to demonstrate a "substantial change" that

25  justifies the granting of the automatic stay here.  Case law states that if the Debtor can "not prove

26  that there has been substantial change in circumstances by clear and convincing evidence, it is not

27  necessary to examine Debtor's motivation, sincerity and subjective good faith . . . The

28  presumption imposed by Section 362(c)(4)(D) on Debtor has not been overcome." *In re Thornes*,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 8 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1    386 B.R. at 911.

2         31.    Courts have previously denied the extension of the automatic stay where the

3    debtor has misstated her schedules and plan or simply copied the filings from her previous case.

4    For example, in *In re Acosta*, 540 B.R. 308, 321 (Bankr. S.D. Tex. 2015), the court noted that the

5    Debtor's old plan "was merely copied and pasted into the case that is presently pending before

6    this court." The court then stated it "cannot find that the pending case was filed in good faith,"

7    because the debtor had failed to show a substantial change in her "Plan and Schedules." *Id.*

8    Thus, it is important to note that the "substantial change" required to be shown in connection with

9    a motion to extend the stay is based on an *objective* standard, not the debtor's subjective good

10   faith. For example, in *In re Collins*, 335 B.R. 646, 654 (Bankr. S.D. Tex. 2005), the court denied

11   a motion to extend the stay for a debtor with a new second job. The court made the decision on

12   the basis of the debtor's finances, noting that, "There is no evidence that the Debtor's personal

13   affairs have substantially changed since the last filing . . . Being a good father and a hard worker

14   is not enough under § 362(c)(3)(C)." *Id.* at 651-654.

15        32.    In this case, the Debtor testified in connection with the Stay Motion that she would

16   have more funds available to repay creditors. Imposition Declaration, ¶ 17. However, the

17   Debtor's plan and scheduled expenses with regards to her children's education remain unchanged

18   as compared to her 2017 Case. Therefore, there is simply no basis in law or fact for a finding of

19   good faith on behalf of the Debtor in connection with her most recent filing. "When the

20   presumption [of bad faith in a serial filing] arises, it is as though evidence has already been

21   presented establishing that the case was not filed in good faith." *In re Montoya*, 333 B.R. at 457.

22   Proof of a "substantial change" under a "clear and convincing evidence" threshold is then

23   required to justify extending the automatic stay. *In re Thornes*, 386 B.R. at 909; *In re Ortiz*, 355

24   B.R. at 590. Here, the Debtor *claimed* a substantial change in her Imposition Declaration.

25   However, the operative plan on file and the Debtor's own schedules belie any *actual* change in

26   the Debtor's finances. Accordingly, the Court should reconsider its decision on the Stay Motion

27   and deny the extension of the automatic stay in this case.

28

IRV #4826-8979-6974 v1
06837-0054.001                    - 9 -          MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY

1   **V.      CONCLUSION.**

2         Based on the foregoing, Trojan respectfully requests that the Order Granting Motion for

3   Order Imposing Stay be vacated.

4

5   Dated: August 15, 2018                    Respectfully submitted,

6                                             BURKE, WILLIAMS & SORENSEN, LLP

7

8                                             By:_____

9                                             Richard J. Reynolds
                                              Rafael R. Garcia-Salgado
10                                            Attorneys for Creditor
                                              TROJAN CAPITAL INVESTMENTS,
11                                            LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1                                 MOTION FOR RECONSIDERATION RE ORDER
06837-0054.001                   - 10 -               GRANTING MOTION FOR ORDER IMPOSING STAY

# Exhibit 1

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Rose M. Magana** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ■ Yes. Fill out this information for each dependent..............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | **Son** | **9** | ☐ No   ■ Yes |
   | **Daughter** | **15** | ☐ No   ■ Yes |
   | | | ☐ No   ☐ Yes |
   | | | ☐ No   ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | **Your expenses** |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | **1,988.00** |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | **0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **200.00** |
| 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | **200.00** |

Debtor 1  **Rose M. Magana**                                          Case number (if known) _____

| 6. | **Utilities:** | | | |
|----|----|----|----|----|
| | 6a. | Electricity, heat, natural gas | 6a. $ | **200.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **60.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **300.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **1,200.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **720.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **400.00** |
| 10. | **Personal care products and services** | | 10. $ | **200.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **180.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **800.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **200.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **235.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **565.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | $ 19. | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:  **Miscellaneous Expenses** | | 21. +$ | **250.00** |

| 22. | **Calculate your monthly expenses** | | |
|----|----|----|----|
| | 22a. Add lines 4 through 21. | $ | **7,798.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **7,798.00** |

| 23. | **Calculate your monthly net income.** | | |
|----|----|----|----|
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **9,349.00** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **7,798.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | **1,551.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.  | Explain here: |

Official Form 106J                          **Schedule J: Your Expenses**                          page 2

# Exhibit 2

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Rose M. Magana** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **8:18-bk-12127** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Your Household**

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**  ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No   ■ Yes |
| **Son** | **10** | |
| | | ☐ No   ■ Yes |
| **Daughter** | **16** | |
| | | ☐ No   ☐ Yes |
| | | ☐ No   ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No

   ☐ Yes

**Part 2:    Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ **1,988.00** |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ **0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ **0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ **100.00** |
| 4d. | Homeowner's association or condominium dues | 4d. $ **0.00** |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ **325.00** |

Debtor 1    **Rose M. Magana**      Case number (if known)    **8:18-bk-12127**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **200.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **60.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **300.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **1,000.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **720.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **300.00** |
| 10. | **Personal care products and services** | | 10. $ | **200.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **180.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **800.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **100.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **200.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **235.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **565.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:    **Miscellaneous Expenses** | | 21. +$ | **155.00** |

| | | |
|---|---|---|
| 22. | **Calculate your monthly expenses** | |
| | 22a. Add lines 4 through 21. | $   **7,428.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $   **7,428.00** |
| 23. | **Calculate your monthly net income.** | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $   **9,349.00** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$   **7,428.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $   **1,921.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    | Explain here: |

1

# PROOF OF SERVICE OF DOCUMENT

2    I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3    **Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

4    **A** true and correct copy of the foregoing document
entitled (*specify*):                      **CREDITOR TROJAN CAPITAL**

5    **INVESTMENTS, LLC'S MOTION FOR RECONSDERATION RE ORDER GRANTING MOTION FOR ORDER IMPOSING STAY**

6    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

7

8    **1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **08/15/18**, I checked the CM/ECF docket

9    for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated

10   below:

11   
- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Rafael R Garcia-Salgado**    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-

12   nef@bwslaw.com,jgomez@bwslaw.com
- **Rejoy Nalkara**    rejoy.nalkara@americaninfosource.com

13   
- **Richard J Reynolds**    rreynolds@bwslaw.com,

14   psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

15   
- **Bruce D White**    whiteandroseman@aol.com, davidbr72037@notify.bestcase.com

16                                                              ☐ Service information continued
                                                                 on attached page

17

     **2. SERVED BY UNITED STATES MAIL**:
18   On (*date*) **08/15/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a

19   sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no

20   later than 24 hours after the document is filed.

21   **Debtor:**  Rose M Magana, 1061 Monterey Street, La Habra, CA 90631
     **Judge:**  Honorable Theodore Albert, United States Bankruptcy Court, Central District of California,

22   Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Suite 5085 / Courtroom 5B, Santa Ana, CA 92701-4593

23
                                                              ☐ Service information continued
24                                                               on attached page

25   ///

26   ///

27   ///

     ///
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001                              - 11 -          MOTION FOR RECONSIDERATION RE ORDER
                                                            GRANTING MOTION FOR ORDER IMPOSING STAY

1

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

2

3

4

5

☐ Service information continued on attached page

6

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

7

8

9

**08/15/18**               Bernadette C. Antle

10
*Date*                    *Printed Name*                              *Signature*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4826-8979-6974 v1
06837-0054.001

- 12 -

MOTION FOR RECONSIDERATION RE ORDER
GRANTING MOTION FOR ORDER IMPOSING STAY