BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TROJAN CAPITAL INVESTMENTS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re<br><br>ROSE M MAGANA,<br><br><br>Debtor, | Case No.  8:18-bk-12127-TA<br><br>Chapter Number:  13<br><br>**SECURED CREDITOR TROJAN CAPITAL INVESTMENTS, LLC'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**<br><br>**[PLAN CONFIRMATION HEARING]**<br><br>DATE:  October 17, 2018<br>TIME:   1:30 p.m.<br>CTRM:  5B |
|---|---|

TROJAN CAPITAL INVESTMENTS, LLC ("Trojan") hereby objects (the "Objection") to confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No. 54] (the "Plan") in the above-referenced matter.  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trojan respectfully states as follows:

**I.    INTRODUCTION**

Trojan requests that the Court deny confirmation of the Plan, as the Debtor fails to contribute all of her disposable income to the Plan.  On August 16, 2018, the Debtor filed amended schedules showing $2,500.77 in net income.  [Docket No. 41].  Further, the Debtor has

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 1 -    OBJECTION TO SECOND AMENDED PLAN

since paid off one of her secured vehicle loans, further increasing her disposable income by another $235.09 a month [Docket No. 55; Claim No. 1].  The Plan, however, proposes payments of only $2,296 a month.  Whether under the means test or under her schedules, the Debtor thus fails to commit her disposable income to the Plan.

## II.   ARGUMENT

1. The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan.  The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation.  *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988).  For the reasons detailed herein, the Debtor fails to meet this burden.

### A.   The Plan is Not Proposed in Good Faith

2. "Bankruptcy Code section 1325(a)(3) requires that a plan be filed in good faith. 'Good faith' is not statutorily defined and must be determined on a case-by-case basis and on the totality of the circumstances and the particular features of each chapter 13 plan. *In re Padilla,* 213 B.R. 349, 352 (9th Cir. B.A.P. 1997) (citing *In re Goeb,* 675 F.2d 1386 (9th Cir. 1982)). 'The burden of establishing good faith is on the debtor.'"  *In re Thornhill*, 268 B.R. 570, 572 (Bankr. E.D. Cal. 2001) (quoting *In re Warren,* 89 B.R. 87 (9th Cir. BAP 1988)).

3. The Plan is not proposed in good faith because this case was filed solely to prevent one secured creditor's enforcement of its lien rights.  First, the Debtor filed this fourth serial petition after the dismissal of her third case earlier this year in order to enjoin once again Trojan's enforcement of its deeply delinquent loan.  This is textbook bad faith.  *See In re Leavitt*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999) ("bad faith exists where the debtor filed a petition only with the intention to defeat state court litigation"); *In re Powers*, 135 B.R. 980, 992 (Bankr. C.D. Cal. 1991) (bad faith where "The petition was filed on the eve of foreclosure" and "There is no pressure from non-moving creditors.").  Courts have thus found bad faith justifying dismissal of a bankruptcy case where the "sole purpose of the plan is to delay and frustrate the efforts of a single secured creditor in the enforcement of his lien rights."  *In re*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 2 -

OBJECTION TO SECOND AMENDED PLAN

*Poston*, 78 B.R. 308, 309 (Bankr. N.D. Fla. 1987); *In re Landmark Capital Co.*, 27 B.R. 273, 279 (Bankr. D. Ariz. 1983) (dismissal for bad faith filing where "sole purpose of the filing" of the bankruptcy proceeding was to frustrate a foreclosure).

**B.    The Debtor Fails to Commit Projected Disposable Income**

4.    Having hindered Trojan from enforcing its secured creditor rights, the Debtor now tries to slow-walk this bankruptcy case by committing only some of her disposable income to the Plan. This is impermissible, and a sign that the Plan is not in good faith, especially in light of the fact the Debtor has been in bankruptcy for most of the past nine years.

5.    Section 1325 requires all of the Debtor's disposable income to be applied to payments under the Plan.[1] If a plan pays 100% of claims but does not commit all disposable income, the debtor must pay interest on claims. *In re McKenzie*, 516 B.R. 661, 664 (Bankr. M.D. Ga. 2014) (In a 100% plan, "this Court holds that where the debtor is not paying all of his projected disposable income to unsecured creditors as required by section 1325(b)(1)(B), the debtor must pay interest on unsecured claims in order to comply with section 1325(b)(1)(A)); *see also In re Sampson-Pack*, No. 12-30589-NVA, 2014 WL 1320371, at *1 (Bankr. D. Md. Mar. 31, 2014) ("this Court agrees with the Trustee and finds that § 1325(b)(1) requires the Debtor to pay interest on unsecured claims if the Debtor fails to commit all disposable income to the payment of unsecured creditors, but nonetheless pays unsecured creditors in full"); *In re Braswell*, No. BR 13-60564-FRA13, 2013 WL 3270752, at *1 (Bankr. D. Or. June 27, 2013) (sustaining a trustee's objection to confirmation of a 100% plan, noting "If the Debtor wishes to pay less than his projected disposable income into the plan, then he must pay all unsecured claims in full, with interest calculated at 5.75% per annum, unless other terms acceptable to the Trustee are made."). This compensates creditors for their increased risk from having to wait sixty months to be paid in full. *See id.* at *5.

---

[1] "The statute unequivocally requires the Debtors' projected disposable income to be disbursed to the unsecured creditors. In effect, this section sets up a trust fund for unsecured creditors within the Trustee's disbursement account. This process begins on the date 'that the first payment is due under the plan.'" *In re Vining*, No. 06-12593, 2008 WL 2073966, at *3 (Bankr. N.D.N.Y. May 14, 2008).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 3 -

OBJECTION TO SECOND AMENDED PLAN

6. The Plan in this case fails this requirement. At least the Debtor's monthly net income of $2,500.77 from her amended schedules [Docket No. 41], plus the additional $235.09 a month from the Debtor's post-petition payoff of her car loan, should be committed in its entirety to plan payments, rather than the proposed $2,296.00 for months 4-60.  Merely somewhat increasing by a small amount the payments under the Plan after having removed educational expenses from her amended schedules is insufficient.  The Debtor is required to commit the entire amount of her disposable income to the Plan.

7. The Debtor's monthly disposable income as determined by her means test [Docket No. 13] is $914.46.  This figure as defined by Official Form 122C-2 is the payment amount to unsecured creditors *after* payment of her 1) tax and 2) secured mortgage and 3) vehicle debts. Those three types of debts, as proposed in the Plan, swallow nearly the entirety of all Plan payments.  This is impermissible—the Debtor should be paying as close as possible to the $914.46 amount <u>monthly</u> to unsecured creditors in the Plan. *See In re Welsh*, 465 B.R. 843, 853 (B.A.P. 9th Cir. 2012), *aff'd*, 711 F.3d 1120 (9th Cir. 2013) ("BAPCPA did not, however, change the requirement that, if there is an objection to confirmation, the plan must provide for payment of all projected disposable income to unsecured creditors.").  This can only be achieved by maximizing the Plan payment to equal the Debtors' disposable income. *See, e.g., In re Vining*, No. 06-12593, 2008 WL 2073966, at *4 (Bankr. N.D.N.Y. May 14, 2008) ("in effectuating the 2005 amendments, Congress wanted heightened protection for the unsecured creditor body. This is accomplished by requiring immediate, in effect, protected status of the Debtors' disposable income that is tendered to the Trustee every month for unsecured creditors. Otherwise, in many cases, a debtor would have little incentive to remain in a Chapter 13 plan once the secured creditors' claims or issues were resolved.").

8. If the Court is inclined to confirm the Plan without the Debtor committing all of her projected disposable income anyway, then the Plan should be amended to pay interest on claims. *In re Sampson-Pack*, No. 12-30589-NVA, 2014 WL 1320371, at *5 (Bankr. D. Md. Mar. 31, 2014) (requiring a debtor with a 100% plan to pay interest on claims) ("The price a debtor pays for not committing all of her disposable income to her plan is interest. This insures,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 4 -

OBJECTION TO SECOND AMENDED PLAN

1 consistent with the language of § 1325(b)(1), that creditors either are receiving all of a debtor's
2 disposable income *or* that that they are compensated for the debtor's elective delay.") (citing *In re*
3 *Hight-Goodspeed*, 486 B.R. 462, 463 (Bankr. N.D. Ind. 2012)).

4     9.    In light of the above authorities, the Court should deny confirmation of the Plan
5 unless it is amended to commit the Debtor's disposable income in full.

**III.    CONCLUSION**

Based on the foregoing, Trojan respectfully requests that the Plan not be confirmed and this case dismissed.

Dated: October 3, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TROJAN CAPITAL INVESTMENTS, LLC

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 5 -

OBJECTION TO SECOND AMENDED PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Burke, Williams & Sorensen, LLP, 1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

**A** true and correct copy of the foregoing document entitled (*specify*):     **CREDITOR TROJAN CAPITAL INVESTMENTS, LLC'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**   efile@ch13ac.com
- **Rafael R Garcia-Salgado**   rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- **Rejoy Nalkara**   rejoy.nalkara@americaninfosource.com
- **Richard J Reynolds**   rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Bruce D White**   whiteandroseman@aol.com, davidbr72037@notify.bestcase.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**
Rose M Magana
1061 Monterey Street
La Habra, CA  90631

**Judge:**
Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

///

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4847-3588-5427 v1
06837-0054.001

- 6 -

OBJECTION TO SECOND AMENDED PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **10/3/18** | Bernadette C. Antle | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4847-3588-5427 v1
06837-0054.001

- 7 -

OBJECTION TO SECOND AMENDED PLAN